## MANAGEMENT OF SOCIETIES.

[Circuit Court of Richland County.]

JOHN H. COSS v. MANSFIELD LODGE No. 56, B. P. O. E. ET AL.

Decided, 1902.

*Secret Societies and Corporations—Management of Can Not be Interfered With by a Court of Equity—Except for Fraud of Collusion—Or Action in Excess of Corporate Power—Injunction Against an Expenditure Will Not Lie, Unless.*

1. The management of a society or corporation will not be interfered with by a court of equity upon complaint of a member, unless it appear that there has been fraud or collusion, or action in excess of corporate power.

2. An injunction against a proposed expenditure will not lie unless the petition alleges affirmatively that the plaintiff has exhausted all the remedies provided by the constitution and by-laws of the organization.

John H. Coss brought suit against Mansfield Lodge No. 56, Benevolent Protective Order of Elks, a corporation, and George W. Herring, its treasurer, to enjoin payment by the lodge of the expenses of one George N. Clugston as a delegate to the meeting of the grand lodge. The ground of the suit was that the said Clugston was illegally elected. We quote from the petition:

"That said lodge is a subordinate lodge, and as such is a constituent part of the grand lodge of the Benevolent and Protective Order of Elks of America, which grand lodge is the source of said subordinate lodge's authority, and the highest and most authoritative body of the organization, which grand body is composed principally of representative delegates elected by subordinate lodges authorized to be elected by virtue of the laws of the said grand lodge, which elections take place in each subordinate lodge at its last regular session in March of each year; that at the election of said Mansfield lodge on March 25, 1902, said George A. Clugston was declared elected wrongfully by a majority of said lodge, and thereupon objections and exceptions were taken to such wrongful proceedings touching his eligibility on the floor of said lodge in open lodge in due parliamentary form.

"The cause was duly appealed to the district deputy grand exalted ruler having jurisdiction in the premises, for his review and opinion on the case, by which said Clugston was declared ineligible to be elected to said office of representative at the time of said election, and the same declared null and void. Said case was then appealed to the grand exalted ruler, and referred to the proper grand lodge committee of the grand lodge for review, and to report findings to that body. Said grand exalted ruler nor said committee have not as yet made their respected reports either reversing or confirming said decisions so handed down by the district deputy grand exalted ruler, and the cause is still pending undisposed of, and can not be finally disposed of until the meeting of the grand lodge in July 24, 1903.

"The by-laws of said Mansfield lodge No. 56 provide for the payment of the 'actual expenses' to be paid to its representative delegate grand lodge, and said Clugston, as pretended representative delegate, has presented his bill for alleged 'actual expenses,' as alleged representative, in the sum of $130.65, and said lodge is about to allow and pay same as such to him, before said cause has been finally adjudicated, and before it is determined whether or not he is the representative, and while said cause is still pending undecided, of all of which said lodge and defendants have had notice.

"Plaintiff has done all he could do on the floor of said lodge in a parliamentary way to prevent the allowance and payment of said order and the payment of said bill.

"Unless the said lodge and said treasurer, defendants, are restrained from so doing, said alleged expenses in said sum will be paid to said Clugston wrongfully and illegally, and said lodge will suffer great and irreparable injury, damage and loss thereby, he being insolvent as to having sufficient tangible property not exempt from execution unincumbered, subject to reimbursing said lodge were he declared in said final decision of said pending case to be not the representative aforesaid.

"Wherefore, plaintiff prays that said defendants and each of them be restrained and enjoined from paying over said money until after the decision aforesaid, and if he be declared to be not the representative, that the order be made perpetual, and for such other relief as may be proper and just."

VOORHEES, J., and DONAHUE, J.

The motion for temporary injunction is overruled. The petition does not affirmatively state that plaintiff had exhausted all remedy open to him in the order, and the averment that "plaint-

iff has done all he could do on the floor of said lodge in a parliamentary way to prevent the allowance and payment of said bill,'' is not sufficient for this purpose. If a court of equity has a right to interfere at all, clearly it can not do so until the plaintiff has exhausted all the remedy provided by the by-laws and constitution of such society, and in the absence of such averment the petition does not show any necessity for the interference of the court; neither will a court of equity interfere with the management of a corporation or of a society, unless the managing officers or stockholders are acting in excess of their corporate power, unless the petition avers collusion or fraud on the part of the managing agent or of a majority of the stockholders. This petition contains no such averment, and in the absence of such averment the court will not interfere to restrain the discretion of the managing agent or stockholders, in the absence of fraud or collusion, no matter how clearly it may appear that they are mistaken as to the best course to pursue.

In this case the act of payment is clearly not *ultra vires,* as the petition says that the by-laws provide for the payment of such expenses. The question as to who is entitled to receive such expenses is merely one of judgment and discretion, and so long as such judgment and discretion is exercised in good faith, and, so far as this petition is concerned, such is the case, a court will not interfere by injunction to direct what such society shall or shall not do.

These considerations dispose of the matter. We have not gone further into the consideration of the right of plaintiff to bring this action, or whether or not he should have brought it in his own name on behalf of the lodge, or on behalf of all others similarly situated.

*Kerr & LaDow,* for plaintiff.

*W. F. Voegele* and *Cummings, McBride & Wolfe,* for defendant.